IN THE SUPREME COURT OF THE STATE OF DELAWARE

DEONTA CARNEY, §
§ No. 210, 2025
    Defendant Below, §
    Appellant, § Court Below–Superior Court
§ of the State of Delaware
    v. §
§ Cr. ID No. 1910011637A (N)
STATE OF DELAWARE, §     1910002022 (N)
§     2009010583 (N)
    Appellee. §

Submitted: July 11, 2025
Decided: September 29, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## <u>ORDER</u>

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) Deonta Carney appeals the Superior Court's denial of his motion for the correction of an illegal sentence. The State of Delaware has moved to affirm the judgment below on the ground that it is manifest on the face of Carney's opening brief that his appeal is without merit. We agree and affirm.

(2) On July 20, 2021, Carney resolved three sets of pending criminal charges and a violation of probation by pleading guilty to two counts of second-degree robbery (as lesser-included offenses of first-degree robbery), two counts of possession of a firearm by a person prohibited (PFBPP), and one count of gang

participation. Following a presentence investigation, the Superior Court sentenced Carney to a total of 13 years of incarceration, followed by decreasing levels of supervision. We affirmed Carney's convictions and sentence on direct appeal.[1]

(3) In April 2025, Carney moved for the correction of an illegal sentence under Superior Court Criminal Rule 35(a). Carney claimed that his five-year minimum-mandatory sentences for PFBPP are illegal because they were enhanced based on facts not found unanimously by a jury, in violation of *Erlinger v. United States*.[2] The Superior Court denied the motion because Carney "expressly admitted" that he had been convicted of a violent felony within the last 10 years and he was therefore subject to enhanced sentencing under 11 *Del. C.* § 1448(e)(1).[3] Carney appeals.

(4) We review the denial of a motion for correction of illegal sentence for abuse of discretion.[4] To the extent a claim involves a question of law, we review the claim *de novo*.[5] A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by

---

[1] *Carney v. State*, 319 A.3d 842 (Del. 2024).
[2] 602 U.S. 821 (2024).
[3] App. to Opening Br. at A18.
[4] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[5] *Id.*

statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[6]

(5) We agree with the Superior Court's determination that Carney's sentence is not illegal. When Carney committed the PFBPP offenses, Section 1448(e) provided in relevant part:

> Notwithstanding any provision of this section or Code to the contrary, any person who is a prohibited person as described in this section and who knowingly possesses, purchases, owns or controls a firearm or destructive weapon while so prohibited shall receive a minimum sentence of:
> …
>
> b. Five years at Level V, if the person does so within 10 years of the date of conviction for any violent felony or the date of termination of all periods of incarceration or confinement imposed pursuant to said conviction, whichever is the later date….[7]

(6) In *Erlinger*, the United States Supreme Court considered a sentence imposed under the federal Armed Career Criminal Act and stated that "[v]irtually any fact that increases the prescribed range of penalties to which a criminal defendant is exposed must be resolved by a unanimous jury beyond a reasonable doubt" *or* "freely admitted in a guilty plea."[8] As part of his plea agreement and during the guilty plea colloquy, Carney acknowledged that he was guilty of PFBPP

---

[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[7] 11 *Del. C.* § 1448(e)(1) (effective Dec. 27, 2018, to Oct. 19, 2021).
[8] *Erlinger*, 602 U.S. at 834 (citation modified).

3

after having been convicted of criminally negligent homicide, a violent felony, in 2019.[9] His sentence is therefore not illegal under *Erlinger*.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm be GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[9] Indeed, Carney was serving the probationary period of his sentence for criminally negligent homicide when he committed the offenses at issue on appeal.

4